## CIRCUIT COURT OF SHENANDOAH COUNTY

Clem et al.

v.

Lambert et al.

October 13, 1982

Case No. (Chancery) 1930

By JUDGE HENRY H. WHITING

In this case the Court must decide whether to confirm a judicial sale of land in the face of a contention that it was sold for a grossly inadequate price. The property contains 4.281 acres and 25,586 square feet in the Town of Woodstock and sold for $17,500.00. Prior to the sale, the property was appraised by two experts at from $55,000.00 to $65,000.00. No evidence has been introduced to show any fraud, mistake or other reason not to confirm the sale except the alleged gross inadequacy of the sale price.

At a hearing upon the Special Commissioner's Report, two real estate brokers testified, one having previously testified and merely confirming her prior opinion and describing the property within the town limits as serviced by water, sewer and other utilities and having an adaptability to residential multi-family subdivision, the land being flat, gently sloping to the west to a small stream and having a portion of it in a flood zone. She also described a former offer on the property for $80,000.00 contingent upon financing and rezoning, and the other real estate expert testified to another $80,000.00 offer contingent similarly on rezoning and financing, but he also described a client of his who would pay $40,000.00 for the property "as is."

The principles governing Courts in these matters are well settled but should be briefly stated.

(1) Although each Court should attempt to see that the best price is obtained for each individual property, it should discourage upset bidding merely to obtain more money for a particular property because other later judicial sales will be adversely affected if bidders realize that there is little stability in such sales and frequently the bidder would take nothing but the right to bid again at another sale after someone else "topped" his bid with an upset bid. *Schweitzer v. Stroh*, 182 Va. 842, 848-849 (1944).

(2) Where inadequacy of price is the only ground for attack on a judicial sale, that inadequacy must be so gross as to shock the conscience. *Schweitzer* at 848.

(3) After-the-fact testimony as to the value of property which had been offered for sale is entitled to but little weight in comparison to the value established by the auction sale price. *Id.*, at 849.

*Schweitzer* involved an upset bid of a 28% increase on a property sold in the City of Harrisonburg. Although the trial Court confirmed the sale, other prospective bidders had testified that because of the property's unique adaptability for poultry processing, it was worth a good deal more than the sale price. The commissioners of sale recommended confirmation, and the appraisals all indicated a value *less* than the sale price. The unique feature of *Schweitzer* was the fact that it had special value to poultry processors, but the appraisers did not take it into account in appraising it, and while it was bought by one processor, the processor making the upset bid had not heard of the sale. The Supreme Court pointed out that the special value to processors would not necessarily affect normal value and did not find that the price was so grossly inadequate as to require a refusal of confirmation.

Unlike *Schweitzer* the prior appraisals in this case all show values greatly in excess of the sale price, the Special Commissioners recommend against confirmation, and while this case is considerably weakened by the absence of any upset bid, the evidence is overwhelming that the price received at the sale is grossly inadequate and the property would be sacrificed if it was sold at that price. Although the Court is not required to get the last dollar out of the property, it must see that it is sold for an

adequate price and, therefore, it must refuse to confirm this sale and order a re-sale of the property. The Court suggests that counsel solicit private bids and work through real estate agents, honoring any reasonable commission they may charge, if the offer is accepted by the Court.